UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIGIO TORRES, JR. and <br> IRENE CORREA, | ) <br> ) <br> ) | |
| Plaintiffs, | ) <br> ) | Case No. 12-cv-07844 |
| v. | ) <br> ) | Judge Joan B. Gottschall |
| CITY OF CHICAGO, HENRY PENA, <br> HECTOR ROMERO and ANDREW ROWE | ) <br> ) <br> ) | Magistrate Maria Valdez |
| Defendants. | ) <br> ) | |

**DEFENDANT HENRY PENA'S COMBINED
RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW,
MOTION FOR NEW TRIAL, AND MOTION FOR REMITTITUR ALTERING OR
AMENDING JUDGMENT**

Defendant Henry Pena, by his attorneys, Quintairos, Prieto, Wood & Boyer, P.A., and for their Combined Renewed Motion for Judgment as a Matter of Law pursuant Fed. R. Civ. P. 50 and Motion for New Trial and Motion for Remittitur Altering or Amending Judgment pursuant Fed. R. Civ. P. 59 state:

**Introduction**

A jury trial was commenced in this matter on December 14, 2015 and concluded on December 18, 2015 with a jury verdict in favor of Plaintiffs Eligio Torres ("Torres") and Irene Correa ("Correa") on their claims for malicious prosecution against Henry Pena ("Pena"). The jury awarded both compensatory and punitive damages for malicious prosecution claim. The jury returned a verdict in favor of defendants on all other claims. The Court has granted Pena's oral motion for allowance of 60 days from the date of the verdict in which to file post-trial motions or until February 18, 2016. *See* Docket Entry 136. However, pursuant to Rules 50 and 59, post-trial motions are to be filed within 28

days of judgment or amendment of the judgment. This Court entered an amended judgment on December 23, 2015. *See* Docket Entry 41. Pena filed this motion within 28 days of the amended judgment, and will file memoranda in support of these motions on or before February 18, 2016, pursuant to court's briefing schedule.

**Argument**

1. The Court committed prejudicial error when it granted Plaintiffs' Motion in Limine No. 2, to exclude evidence that at the time of the incident, Torres was found to be in possession of cocaine, and that he was later convicted of the criminal offense of possession of a controlled substance during the same criminal trial that he was found not guilty of aggravated battery.

2. Despite the Court having granted Plaintiffs' Motion in Limine No. 2, Torres opened the door for the admission of evidence of his possession of cocaine at the time of the incident when he raised the issue of his car being towed and impounded. Torres, through counsel, intimated to the jury that his car was towed and impounded for no reason, he was unable to pick up his son, and he was doing nothing wrong when the police interacted with him. The Court committed prejudicial error when it denied Defendant's request to admit this evidence

3. The Court committed prejudicial error when, despite the court having granted Plaintiffs' Motions in Limine No. 2 and No. 6 to exclude evidence in regards to Torres' 2006 drug conviction, the court denied admission of a certified copy of his 2006 drug conviction and correlating testimony after Torres opened the door for its admission. Torres went through great lengths during his testimony, to provide the jury with significant character testimony. He even began to cry when discussing his imprisonment in the Cook County jail system. His prior conviction and prior stents in county jail and became extremely probative at that point.

4. The Court granted Defendants' Motions in Limine 3, 7, 11 and 13 excluding Plaintiffs from: 1) making generalized allegations about police "code of silence"; 2) making generalized allegations of the existence of a pattern and practice by law enforcement of remaining silent or seeking to cover up misconduct to protect fellow officers; 3) introducing evidence, argument or inference regarding unrelated allegations of police misconduct in the media; 4) eliciting testimony or making argument using the word "conspiracy" ; and 5) generally arguing that all police officers try to cover up misconduct to protect fellow officers. Plaintiffs' counsel, during closing argument unduly inflamed the jury when they repeatedly and purposefully violated each and every one of the above court's orders and argued to the jury in closing arguments that Chicago Police officers generally adhere to a "code of silence", referenced unrelated allegations of police misconduct, used the word "conspiracy" or implied that a "conspiracy" existed and argued generally that all police officers try to cover up misconduct to protect fellow officers. Plaintiff's obvious and purposeful defiance of the court's orders served to unduly and unfairly prejudice defendants, resulting in an adverse verdict on the claim of malicious prosecution.

5. The Court committed prejudicial error when it prohibited Defendant Pena from testifying that he consulted with Detective Tracy Fanning and that Pena was aware that Fanning had spoken with Assistant State's Attorney Del Castillo or an Assistant States' Attorney responsible for approving felony complaints, prior to completing the complaints charging Plaintiffs with aggravated battery to a police officer. Defendant Pena was not allowed to provide any testimony regarding the charging process. This served to confuse the jury and allow plaintiff to unilaterally argue that they were improperly charged. The exclusion of this evidence served to

unduly and unfairly prejudice the defendant, resulting in an adverse verdict on the claim of malicious prosecution.

6. The jury's award of punitive damages against Pena is prohibited pursuant to the Illinois Tort Immunity Act, 745 ILCS 10 et seq. Thus, the punitive damages awarded should be vacated and the judgment amended to reflect the same.

7. Alternatively, the jury's award of punitive damages against Pena is unwarranted, excessive and that there is no rational connection between the evidence and the verdict.

**Conclusion**

Wherefore, Defendant, Henry Pena, respectfully requests this Honorable court to: 1) grant his motion for judgment as a matter of law, vacate the jury's verdict and enter a verdict in favor of defendant Pena, and against plaintiffs Eligio Torres and Irene Correa; 2) alternatively, to grant his motion for new trial; 3) additionally, to grant his motion for remittitur altering or amending the judgment and 4) any further relief that this Court deems appropriate.

Respectfully submitted,

/s Anthony L. Schumann
Anthony L. Schumann
*Counsel for Defendants*

Anthony L. Schumann
Kenneth M. Battle
Quintairos, Prieto, Wood & Boyer, P.A.
Willis Tower
233 South Wacker Drive
70th Floor
Chicago, IL 60606
(312) 566-0040

# CERTIFICATE OF SERVICE

I, Anthony L. Schumann, an attorney, certify that I shall cause to be served a copy of attached **Defendant Henry Pena's Combined Renewed Motion for Judgment as a Matter of Law, Motion for New Trial, and Motion for Remittitur Altering or Amending Judgment**, upon the following individual(s), by deposit in the U.S. Mail box at 233 South Wacker Drive, Chicago, Illinois 60606, postage prepaid, same-day personal delivery by messenger, FedEx overnight delivery, facsimile transmitted from (312) 566-0041, or Case Management Electronic Case Filing System ("CM/ECF"), as indicated below, on January 15, 2016.

*Counsel for Plaintiff*

| | | |
|---|---|---|
| ☒ | CM/ECF | Lawrence Jackowiak, Esq. |
| ☐ | Facsimile/___ Pages | Adele D. Nicholas, Esq. |
| ☐ | Email | Amanda Yarusso, Esq. |
| ☐ | U.S. Mail | Jackowiak Law Offices |
| ☐ | Messenger | 20 North Clark Street, Suite 1700 |
| | | Chicago, Illinois 60602 |

/s <u>Anthony L. Schumann</u>
    Anthony L. Schumann
    Counsel for Defendants

Anthony L. Schumann
Kenneth M. Battle
Quintairos, Prieto, Wood & Boyer, P.A.
Willis Tower
233 South Wacker Drive
70th Floor
Chicago, IL 60606
(312) 566-0040