UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIGIO TORRES, JR., and<br>IRENE CORREA, | )<br>)<br>) | |
| Plaintiffs, | )<br>) | No. 12 C 7844 |
| vs. | )<br>) | Judge Gottschall |
| | ) | Magistrate Judge Valdez |
| CITY OF CHICAGO,<br>HENRY PENA,<br>HECTOR ROMERO, and<br>ANDREW ROWE, | )<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**PLAINTIFF TORRES'S POST-TRIAL RENEWED RULE 50 MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff Eligio Torres, through counsel, Jackowiak Law Offices, respectfully moves this Honorable Court to enter judgment as a matter of law, pursuant to Rule 50 of the Federal Rules of Civil Procedure, on his unreasonable seizure claim against Defendants Pena and Romero. In support thereof, Plaintiff states as follows:

In this case, Plaintiffs Eligio Torres and Irene Correa brought §1983 claims against Defendants Henry Pena, Hector Romero and Andrew Rowe arising from an incident on October 1, 2010. Trial in this §1983 police misconduct case took place from December 14-18, 2015. In Count IV of the First Amended Complaint in this case, Plaintiff Torres alleged that when he got into his car he was seized without legal justification. At trial, the jury ruled for the Defendants on this claim. However, looking at the facts in a light most favorable to Defendants (through the testimony of the officers as described below), it is clear that Plaintiff Torres was seized without legal justification.

At trial, Defendants Pena and Romero testified that while on patrol they got a flash message on their police radio that a shooting had just occurred near Augusta and Francisco in Chicago. [Exhibit A, Transcript of the Trial Proceedings from December 17, 2015, vol. 4, at p. 3:4-10.] Defendant Romero testified that they were only about 2-3 blocks away from the scene of

the shooting when they heard the message. Rather than go to the scene of the shooting which was only 2 blocks away, the Defendant Officers explained that they instead drove "about a mile and a half" to 3227 West Pierce, the last known address for Corey Campbell. [Exhibit B, Transcript of the Trial Proceedings from December 15, 2015, vol. 2, at p. 79:1-4.] However, the Defendants had no information that Corey Campbell had left the scene of the shooting, or had gone to 3227 West Pierce. [Ex. B, p. 78:19-25.]

The Defendants acknowledged that the only information provided in the radio message was the name of the shooter, Corey Campbell, and his last known address, 3227 West Pierce in Chicago. [Ex. B, p. 78:5-13.] The officers admitted that they had not received any information about Corey Campbell's age, race, height, build, hair color, hair length, facial hair, or clothing. [Ex. A, p. 4:18-21; Ex. B, p. 80:2-81:14.]. Thus, they had *no description* of the shooter.

Romero testified that when they got in the alley behind 3227 West Pierce, they saw Eligio Torres "walking out of the gangway at 3227 West Pierce on to the alley." [Ex. B, p. 84:3-11.] The Defendants explained that when they first saw Torres he was walking out the "gate into the alley" [Ex. B, p. 86:4-6.], and from there went to his car parked in a carport on the property next door at 3225 West Pierce. [Ex. A, p. 4:22-25; Ex. B, p. 87:4-6.] They also said that they didn't see Eligio Torres leave from the house at 3227 West Pierce. [Ex. B, p. 88:6-11.]

The Defendant Officers also admitted that they did not see Eligio Torres doing anything illegal when they observed him walking to his car. [Ex. B, p. 86:23-24] The Defendants testified that they stopped their car behind Torres's car to prevent him from leaving. [Ex. A, p. 5:7-15.] Defendant Pena explained that they wanted "to block him in." [Ex. A, p. 5:14-15] Romero said their car blocked Torres's car. [Ex. B, p. 88:19-21.] After Eligio Torres was blocked in, Pena testified that he and Defendant Romero got out of their car and approached Torres while yelling "Chicago Police. Let me see your hands." [Ex. A, p. 6:18-7:1; Ex. B, p. 89:23-90:8.] Pena approached Eligio Torres on the driver's side, Romero approached on the passenger side. [Ex. A, p. 7:2-7.] At this point, Eligio Torres was seized and not free to leave.

## Argument

The Fourth Amendment protects "against unreasonable searches and seizures." U.S.

Const. amend. IV. Under Terry v. Ohio, a police officer can stop and briefly detain a person for investigative purposes if the officer has a reasonable suspicion supported by articulable facts that criminal activity is afoot. Terry v. Ohio, 392 U.S. 1, 21-22, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968). Reasonable suspicion has been defined as "some objective manifestation that the person stopped is, or is about to be, engaged in criminal activity." United States v. Cortez, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981).

The Seventh Circuit has held that "in determining whether a particular police-citizen encounter was supported by reasonable suspicion, courts must consider the totality of circumstances known to the officer at the time of the stop." United States v. Quinn, 83 F.3d 917, 921 (1996). The situation confronting the officer must be so far from the ordinary that any competent officer would be expected to act quickly. People v. Avant, 331 Ill.App.3d 144, 152–53, 264 Ill.Dec. 716, 771 N.E.2d 420 (2001).

In the present case, there was insufficient information for the Defendants to seize Plaintiff Eligio Torres. As explained above, the only information the Defendants possessed was the name of the shooter and his last known address.There was no information that Corey Campbell left the scene of the shooting. The officers had no information that Corey Campbell went to 3227 West Pierce after the shooting. When the officers first saw Eligio Torres he was leaving the back walkway at 3227 West Pierce to get in his car at 3225 West Pierce. Torres wasn't doing anything illegal. He didn't appear nervous or out of breath, nor did he try to run. Also, the Defendants chose not to run the license plate of Torres's car before they seized him. [Ex. A, p. 6:15-17.]

Most significantly, the Defendants seized Eligio Torres on suspicion of being Corey Campbell the shooter, even though they had no descriptive information about Corey Campbell. They had no information about the age, height, build, hair color, race, or clothing that Corey Campbell was wearing. Under these circumstances, the seizure of Eligio Torres was unconstitutional. See Terry v. Ohio, 392 U.S. 1, 19, 88 S.Ct. 1868. See also, People v. Thomas, 198 Ill.2d 103, 109, 259 Ill.Dec. 838, 759 N.E.2d 899 (2001).

In addition, the Supreme Court ruling in Ybarra v. Illinois , 444 U.S. 85, 100 S.Ct. 338 (1979) is relevant. In Ybarra, the Court held that mere propinquity to the scene of a crime,

3

without more, does not give rise to probable cause to search a person. Here, Eligio Torres was not close to the scene of the crime. He was merely observed getting into his car parked in the carport next door to the last known address of the alleged shooter. That was not enough information to seize Eligio Torres and deprive him of his liberty.

## Conclusion

Wherefore, for all the above reasons, Plaintiff Eligio Torres respectfully requests that this Honorable Court enter judgment against Defendants Pena and Romero on his unreasonable seizure claim against Defendants Pena and Romero.

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for Plaintiffs*

Jackowiak Law Offices
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 795-9595