UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ELIGIO TORRES, JR., and IRENE CORREA, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 12 C 7844 |
| v. | ) ) ) | Judge Gottschall Magistrate Judge Valdez |
| CITY OF CHICAGO, et al., | ) ) ) ) | |
| Defendants. | ) | |

**PLAINTIFF TORRES'S REPLY IN SUPPORT OF HIS
MOTION FOR JUDGMENT AS A MATTER OF LAW**

Plaintiff Eligio Torres, through counsel, Jackowiak Law Offices, respectfully submits the following reply in support of his motion for judgment as a matter of law on his unreasonable seizure claim against Defendants Pena and Romero.

**I.      Introduction**

Plaintiff Eligio Torres is entitled to judgment in his favor on his claim of unreasonable seizure against Defendant Pena and Romero. The undisputed evidence presented at trial established that the Defendants lacked reasonable suspicion to justify their seizure of Plaintiff. Plaintiff has moved for judgment in his favor on this claim. Dkt. 149. Defendants argue in their response that the motion should be denied for four reasons: (1) the motion was untimely; (2) Plaintiff was not actually seized; (3) the Defendants had reasonable suspicion to seize Plaintiff; and (4) the seizure was reasonable in manner and duration. For the reasons set forth below, these arguments should be all rejected and the Court should enter judgment in Plaintiff's favor.

**II.     The Standard Applicable to the Court's Consideration of this Motion**

In their response brief, Defendants first contend that Plaintiff's Rule 50 motion is untimely and can only be considered under Rule 60. Plaintiff addresses this issue below.

During the trial, at the conclusion of Defendants' case, Plaintiff Torres moved for judgment as a matter of law under Rule 50(a), arguing that there was not a sufficient evidentiary basis for the jury to find for Defendants Pena and Romero on Plaintiff's unreasonable seizure

1

claim. See, Ex. 1, Trial Excerpt (Vol. 4) at 133–36 ("For the record, plaintiff would move for a directed verdict on the unreasonable seizure of Eligio Torres.") The Court took the motion under advisement. *Id*. at 134 ("Let me make your life easy. I'm reserving ruling.")

The jury returned a verdict for Defendants on the unreasonable seizure claim. After the verdict was read, the Court asked about post-trial motions. The Defendants specifically asked the Court for 60 days to file post-trial motions.[1] The Court granted the Defendants' request, and entered a minute order providing that post-trial motions were due on February 18, 2016. See Dkt. 136.

Plaintiffs filed their instant post-trial motion on that day, February 18, 2016. In their present response filed March 30, 2016, the Defendants argue that Plaintiffs' post-trial motion filed on February 18, 2016, was untimely because under Rule 6(b)(2) the Court was prohibited from extending the time to file post-trial motions beyond 28 days. Thus, the Defendants are essentially arguing that the Plaintiff should be penalized for filing his post-trial motion on the date the court allowed based on a request from the Defendants themselves.

Plaintiff concedes that under Rule 6(b)(2) the Defendants are technically correct and the Court cannot extend the time to file post-trial motions. But the Defendants are also correct to assert that failure to file post-trial motions within 28 days "does not have jurisdictional consequences," and "the Court is within its discretion to consider Plaintiff's motion [pursuant to] Rule 60." Defendants' Response at pp. 2-3. *See also, e.g., Talano v. Northwestern Medical Faculty Foundation, Inc.Eyeglasses*, 273 F.3d 757, 762 (7th Cir. 2001) (recognizing that an untimely post-trial motion "automatically becomes a Rule 60(b) motion."); *Blue v. Int'l Brotherhood of Elec. Workers*, 676 F. 3d 579, 585 (7th Cir. 2012) ("We conclude that the 28-day limit on filing motions under Rules 50 and 59 are non-jurisdictional procedural rules designed to aid in the orderly transaction of judicial business."); *Hope v. United States*, 43 F.3d 1140, 1143 (7th Cir. 1994).

---

[1] Ex. 2, Trial Transcript (Vol. 5) at 51 (The Court: I think the rules say that if you don't want to do it by the schedule that the rules provide which I remember, I need to give you time, this is the only time I can do it. Mr. Schumann: We'd like 60 days. The Court: 60 days. Any motions on the plaintiff's side? Well, if you want to file them, 60 days.").

Rule 60(b) specifically allows the court to alter a judgment, for example, when a "mistake" has been made, for "excusable neglect," or for "any other reason that justifies relief." See Fed. R. Civ. Proc. 60(b). Here, the Court did make an inadvertent mistake to grant the Defendants' improper request for 60 days to file post-trial motions. Accordingly, Plaintiff's neglect to file their post-trial motions within 28 days is the type of excusable mistake that warrants relief under Rule 60(b). See e.g., *Mendez v. Republic Bank*, 725 F.3d 651, 657-60 (7th Cir. 2013)(under Rule 60(b)(1), a court may "remedy its own mistake"); *Brandon v. Chicago Bd. of Educ.*, 143 F.3d 293, 295 (7th Cir. 1998) ("Rule 60(b)(1) applies to errors by judicial officers as well as parties."); *Alexan v. Burke*, 62 F. Supp. 3d 784, 788 (N.D. Ill. 2014) (Castillo, J.) ("Rule 60(b)(1) encompasses mistakes by judicial officers as well as litigants.").

In addition, it is well recognized that the district court has broad discretion in deciding Rule 60(b) motions. *See, e.g.*, *Bakery Machinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("The district court has great latitude in making a Rule 60(b) ruling because that decision is discretion piled on discretion."); *Swaim v. Moltan Co.*, 73 F.3d 711, 722 (7th Cir.1996) (same).

### III. Plaintiff is Entitled to Judgment on His Unreasonable Seizure Claim

#### A. Legal Standards

The purpose of a motion for judgment as a matter of law is to assure that the jury "was presented with a legally sufficient evidentiary basis to support the verdict." *Harvey v. Office Banks & Real Estate*, 377 F.3d 698, 707 (7th Cir. 2004). In considering a motion for judgment as a matter of law, the Court's review is limited to "determining only whether any rational jury could have found for the [non-moving party], examining all evidence in the record to make that determination." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Hicks v. Forest Preserve Dist. of Cook County*, 677 F. 3d 781, 788-89 (7th Cir. 2012) ("Our job at this stage is not to determine whether the jury believed the right people, but only to assure that it was presented with a legally sufficient basis to support the verdict. ")

In the present motion, Plaintiff is not asking the Court to second guess a jury's evaluation

3

of disputed facts or competing testimony. The parties are in agreement concerning the relevant facts. Defendants conceded in their response to Plaintiff's motion that the facts concerning the seizure of Plaintiff were undisputed at trial. See, Dkt. 159 at 3 ("Most, if not all of the facts are undisputed as to what brought Pena and Romero to the area of 3227 W. Pierce and the encounter with Torres on the evening of October 1, 2010.")

Here, the only question for the Court is whether Plaintiff is entitled to judgment as a matter of law on his claim for unreasonable seizure. The relevant facts for the Court to consider on this issue are not in dispute. See, *e.g.*, *U.S. v. Lenoir*, 318 F. 3d 725, 728 (7th Cir. 2003) ("whether reasonable suspicion exists to justify a *Terry* stop ... is a question of law.") As shown below, the undisputed facts at trial established every element of Plaintiff's unreasonable seizure claim under well established law. Therefore the verdict cannot stand.

### B. The Defendants Admitted Facts Establishing Every Element of Plaintiff's Unreasonable Seizure Claim

To succeed on his unreasonable seizure claim, Plaintiff was required to prove the following two things: (1) Plaintiff was seized by one or more of the Defendants; and (2) the officer(s) who seized Plaintiff did not have reasonable suspicion to believe that Plaintiff had committed, was committing or was about to commit a crime at the time they seized Plaintiff. *Gutierrez v. Kermon*, 722 F. 3d 1003, 1008 (7th Cir. 2013) (citing *Maryland v. Pringle*, 540 U.S. 366, 370-71 (2003); see also, Dkt. 140 at 18, jury instruction on elements of unreasonable seizure claim.

#### 1. Plaintiff was Seized

It is well established that an individual is seized under the Fourth Amendment "if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave." *United States v. Mendenhall*, 446 U.S. 544, 554 (1980). Defendants admitted at trial that when they saw Plaintiff get into his vehicle, they intentionally positioned their vehicle directly behind him, preventing him from leaving.

Q.   What did you do when you saw him get into the vehicle at the carport?

> A. Pulled our squad car behind his vehicle and we exit our vehicle.
>
> Q. And when you pulled your squad car behind his vehicle, he was then prevented from backing out, correct?
>
> A. Yes.
>
> Q. And you wanted to block him in, correct?
>
> A. Correct.

(Ex. 1, Testimony of Pena, at 5:7–15.)

In response to Plaintiff's motion for judgment as a matter of law, Defendants contend (without citation to any authority) that Plaintiff was not actually seized when the Defendant-Officers "parked their unmarked vehicle in such a way as to block Torres from reversing and driving away" because Torres "was unaware that the unmarked vehicle was blocking him in." Dkt. 159 at 7.

Defendants' contention that Torres was not seized unless he knew that he was blocked from leaving is contrary to established caselaw. Courts have consistently found that when police block the path of a citizen, the citizen is seized within the meaning of the Fourth Amendment. See, *e.g.*, *United States v. Green*, 111 F. 3d 515, 520, n1 (7th Cir. 1997) ("in this case, the officers pulled their car in behind the Greens, blocking the car's exit. Under these circumstances, a reasonable person would not feel that he was free to leave.") *United States v. Packer*, 15 F.3d 654, 657 (7th Cir.1994) (blocking suspect's car and thereby preventing departure constituted a seizure under *Terry*); *United States v. Lechuga*, 925 F.2d 1035, 1037, 1039 (7th Cir.1991) (placing police vehicles directly in front of and behind defendant's vehicle is a seizure).[2]

Put simply, Defendants cannot legitimately dispute that Plaintiff was seized within the

---

[2] This is so notwithstanding the fact that Plaintiff did not know that the Defendants were the police. In *People v. Cantor*, 36 N.Y. 2d 106 (N.Y. 1975), a case similar to the one at bar, the Court explained as follows:

> We place no significance on the fact that the defendant did not know he was being accosted by the police thinking instead that he was about to be robbed. The crucial factor was that depriving the defendant of his freedom of movement was effected by the police. Constitutional protections do not vanish merely because the victim of the unlawful governmental action fails to perceive the identity of the violator as a police officer.

*Id*. at 112.

meaning of the Fourth Amendment when the Defendant-Officers blocked him into the carport, preventing him from leaving.

### 2. Defendants Lacked Reasonable Suspicion

Defendants next claim that the Defendant-Officers had reasonable suspicion justifying their seizure of Plaintiff. Neither the facts adduced at trial nor the relevant law support this conclusion.

The Defendants concede that the totality of the information they had at the time they seized Plaintiff was that:

1. A man named Corey Campbell was involved in a shooting at Augusta and Francisco;

2. Corey Campbell's last known address was 3227 W. Pierce, more than a mile from the location of the shooting.

Ex. 1, Trial Excerpt (Vol. 4) at 29; Ex. 2, Trial Excerpt (Vol. 2) at 78:19-25 ("A. The only information that was given was that the shooter was Corey Campbell resided at 3227 West Pierce.") The Defendants concede that they had no description whatsoever of Campbell.

> Q. And at this point regarding the alleged shooter, Corey Campbell, did you have any information about age, height, weight, facial features, clothing, or anything at all?
>
> A. No.

(Ex. 1, Trial Excerpt (Vol. 4) at 4:18-21.)

The Defendants testified that they had no information that Campbell had gone towards his last known address after the alleged shooting or even that he had left the scene.

> Q. And you had no information that the shooter left the scene of the shooting, did you? ...
>
> A. That is correct.

(Ex. 2, Trial Excerpt (Vol. 2) at 78:19-25.)

The Defendants also admitted that they never saw Torres enter or exit the house at 3227 West Pierce (*id*. at 88:6-11), and agreed that they did not see Torres doing anything illegal or suspicious. *Id.* at 86:23-24.

The solitary fact that Defendants contend justified their seizure of Eligio Torres was that

6

they observed him enter an alley from the gangway at 3227 West Pierce. See, Ex. 1, Trial Excerpt (Vol. 4) at 4:15-17; see also Dkt. 159, Def. Response, at 8 ("It was reasonable for the officers to believe that Campbell may have fled to his last known address, 3227 West Pierce, after the shooting. Upon arriving at the location, they observe Torres leaving the gangway that was on the property and next to 3227 W. Pierce. ... There was clearly reasonable and articulable suspicion that Torres may have been involved in criminal activity—the recent shooting.")

In their 10-page brief, Defendants *have not cited a single case* supporting their position that Torres' presence in a gangway next to the last known address of a person suspected of a crime constitutes reasonable suspicion sufficient to justify a seizure. Plaintiffs are not aware of any case holding— or even suggesting—that an individual can be seized on the basis of his mere presence next to an address of a crime suspect, particularly in the absence of any indication that the suspect headed towards that address or any physical description suggesting the person seized may be the suspect.

This case is analagous to *United States v. Green*, 111 F.3d 515 (7th Cir.1997). In *Green*, the police stopped a car because it had been previously seen parked next to the home of a fugitive wanted on a federal warrant for felon in possession of firearms. As in this case, the police stopped the car because they thought the fugitive might be in the car. After the stop, the police approached and told the driver they "needed to speak with him for a second." 111 F.3d at 517. On appeal, the Seventh Circuit held that stopping a car merely because it had been parked next to the home of a fugitive, hoping to catch the fugitive, was an improper *Terry* stop. "The *Terry* stop was not justified at its inception." 111 F.3d at 520.

The facts in this case are similar. The only reason the Defendants stopped Torres in his car is because it was parked on the property next to the last known address of Corey Campbell. The Defendants did not know if the last known address was even current. They never saw Torres enter or leave the home at 3227 W. Pierce — instead they merely saw him entering the alley from the back gate of 3227 W. Pierce to get into the car parked next door at 3225 W. Pierce. They did not have any description of what Corey Campbell looked like, no information on age, race, height, build, facial hair, clothing, etc. Also, the Defendants had no information of whether Corey

7

Campbell had left the scene of the shooting, which was about a 1 ½ miles from where they stopped him. In sum, Defendants Pena and Romero did not have sufficient information to justify a *Terry* stop of Plaintiff Torres. Torres is therefore entitled to judgment notwithstanding the verdict on his unreasonable seizure claim. *See United States v. Green*, 111 F.3d at 520.

In addition, it is well established that suspicion of a fugitive or illegal activity at a particular location does not provide legal justification to stop anyone who leaves. See, *e.g, United States v. Bohman*, 683 F.3d 861, 864 (7th Cir. 2012) ( "suspicion of illegal activity at a particular place is not enough to transfer that suspicion to anyone who leaves that property."); *United States v. Johnson*, 383 F.3d 538 (7th Cir. 2004); *People v. Lockhart*, 311 Ill.App.3d 358, 724 N.E.2d 540, 542-3 (improper to seize defendant as he was leaving house where numerous drug arrests had been made); *United States v. Garcia*, 2015 WL 4600865, No. 15 CR 119 JPS, (E.D.Wisc, 2015).

Similarly, courts have repeatedly and consistently required other indicia of involvement in crime rather than just mere proximity to an area where criminal activity or the presence of a criminal is suspected. See, *e.g. Brown v. Texas*, 443 U.S. 47, 52 (1979) (mere presence in a neighborhood frequented by drug users is not a basis for conclusion that defendant engaged in criminal conduct justifying a *Terry* stop); *United States v. Richards*, 719 F.3d 746, 757 (7th Cir. 2013) (noting that it is a "well-settled proposition" that "mere proximity to suspected criminal activity does not, without more, generate probable cause.").

Also, the fact that Defendants Pena and Romero did not have any description of Corey Campbell further weakens their argument that the stop of Torres was justified. *See, e.g.*, *People v. Washington*, 269 Ill.App.3d 862, 646 N.E.2d1268 (1st Dist. 1995) (description that robbery suspect was "male black wearing a blue coat and black hat" fleeing westbound too vague to justify a *Terry* stop); People v. Thomas, 80 Ill.App.3d 1121, 400 N.E.2d 1019 (1980); *Wong Sun v. United States* 371 U.S. 471, 83 S.Ct. 407 (1963).

Based on this well-settled case law and the undisputed facts, Plaintiff Torres is entitled to judgment in his favor on his unreasonable seizure claim.

### 3. The Scope and Extent of the Detention Are Irrelevant

Finally, Defendants devote two paragraphs to arguing that their seizure of Torres should be deemed reasonable because their "initial intent" was to "briefly question Torres at his vehicle," and the stop was only extended beyond that "intended intrusion" because "Torres reacted the way he did." Dkt. 159 at 8. Put simply, Torres' reaction to the Defendants' seizure of his person is irrelevant to the determination of whether he is entitled to judgment on his unreasonable seizure claim. The issue is whether the information known to the Defendant-Officers *at the time of the seizure* constituted reasonable suspicion to seize Plaintiff. *United States v. Lenoir*, 318 F. 3d 725, 729 (7th Cir. 2003) ("When determining whether reasonable suspicion exists, we examine the totality of the circumstances known to the police at the time of the stop...")

It is unquestionable that it did not. Plaintiff was seized when the Defendant-Officers blocked him in with their car. See, §B(1), *supra*. The only fact the Defendant-Officers claim gave them reasonable suspicion to seize Torres was that he was observed next door to the last known address of a suspect. See, §B(2), *supra*. As a matter of law, Defendants' seizure of Plaintiff was not supported by reasonable suspicion. Accordingly, he is entitled to judgment in his favor.

## Conclusion

Wherefore, for all the above reasons and the reasons set forth in Plaintiff's motion for judgment as a matter of law, Plaintiff Eligio Torres respectfully requests that this Honorable Court enter judgment against Defendants Pena and Romero on his unreasonable seizure claim.

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for Plaintiffs*

/s/ Adele D. Nicholas
*Counsel for Plaintiffs*

Lawrence Jackowiak
Adele Nicholas
Jackowiak Law Offices
111 West Washington Street, Suite 1500
Chicago, Illinois 60602
(312) 795-9595