**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **ELIGIO TORRES JR. and** | ) | |
| **IRENE CORREA,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **12-cv-07844** |
| | ) | |
| **CITY OF CHICAGO, HENRY PENA,** | ) | **Judge Joan B. Gottschall** |
| **HECTOR ROMERO, and ANDREW ROWE,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**DEFENDANT HENRY PENA'S UNOPPOSED MOTION FOR
INDICATIVE RULING THAT THIS COURT WOULD VACATE
THE JUDGMENT IF THE CASE WERE REMANDED**

Defendant, Officer Henry Pena ("Pena") by his attorneys, Quintairos, Prieto, Wood & Boyer, P.A., through Anthony L. Schumann, pursuant to Federal Rule of Civil Procedure 60(b) and 62.1(a)(3) brings this unopposed motion for an indicative ruling advising the court of appeals that this district court is inclined to vacate the judgment entered on December 23, 2015 pursuant to the settlement agreement reached between the parties. In support of this motion, Defendant Pena states the following:

**BACKGROUND**

On October 1, 2012, Plaintiffs Eligio Torres and Irene Correa filed a seven-count amended complaint against the City and Chicago Police Officers Henry Pena, Hector Romero, and Andrew Rowe under 42 U.S.C. §1983 and Illinois law. Plaintiffs' claims arose from the incidents surrounding their October 1, 2010 arrest by Officers Pena and Romero, including the tasing of Plaintiff Eligio Torres ("Torres") by Officer Rowe. Plaintiffs alleged a combination of seven federal and state claims: (1) Defendants Pena, Romero and Rowe used excessive force

1

against Torres in violation of his constitutional rights (Count I); (2) Defendant Pena used excessive force against Plaintiff Irene Correa ("Correa") in violation of her constitutional rights (Count II); (3) Defendants Pena, Romero and Rowe falsely arrested Correa in violation of her constitutional rights (Count III); (4) Defendants Pena and Romero unreasonably seized Torres in violation of his constitutional rights (Count IV); (5) each Defendant officer maliciously prosecuted Correa in violation of Illinois law (Count V); (6) each Defendant officer maliciously prosecuted Torres in violation of Illinois law (Count VI); and (7) Defendant City of Chicago is liable for any judgments for compensatory damages entered against Defendant Officers pursuant to Illinois law (Count VII).

The case was tried before a jury from December 14, 2015 through December 18, 2017. On December 18, 2017, the jury returned a verdict in favor of Torres and Correa and against Officer Pena on the state malicious prosecutions claims, Counts V and VI. The Jury awarded Torres $40,000 in compensatory damages and $60,000 in punitive damages and awarded Correa $30,000 in compensatory damages and $45,000 in punitive damages. On December 23, 2015, the court entered an amended judgment against Pena.

Following the district court's ruling on cross post-trial motions, Defendant Pena filed a notice of appeal on September 2, 2016. (Doc.188). Plaintiff Torres also filed a notice of appeal on September 16, 2016. (Doc.193). Pena's appeal is docketed in the Seventh Circuit Court of Appeal as Case No. 16-3347 and is currently pending. Plaintiff Torres' appeal was docketed in the Seventh Circuit Court of Appeal as Case No. 16-3450. Plaintiff Torres has dismissed his appeal against Pena and the City of Chicago. ( Doc. 199).

The parties participated in a settlement conference with Jillisa Britton, a Conference Attorney with the Seventh Circuit Settlement Conference Program, pursuant to Federal Rule of

Appellate Procedure 33. After the initial settlement conference, Ms. Britton continued mediating the case via multiple telephonic conferences. The parties also continued settlement negotiations through counsel. After engaging in extensive arms-length settlement negotiations, the parties reached an agreement resolving the Plaintiffs' claims against Defendant Pena. The Release and Settlement Agreement ("Settlement Agreement") includes payment by the City of Chicago, indemnifying Pena of the full compensatory damages award of $70,000, as well as a $15,000 payment made personally by Defendant Pena for settlement of the punitive damages award. A Release and Satisfaction of Judgment was filed September 21, 2017. (Doc.197). Defendant Pena, without any opposition of Plaintiffs, requests that this court enter an indicative ruling that it will vacate the judgment entered against Pena upon remand. The private and public equities at stake balance in favor of granting this motion as well as a subsequent motion to vacate the judgment and dismiss Pena upon remand.

## ARGUMENT

Federal Rule of Civil Procedure 60(b) grants district courts the authority to "relieve a party … from a final judgment" when "applying [the judgment] prospectively is no longer equitable" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5), (6). Similarly, the "catch all" clause of Rule 60(b)(6) "vests power in courts adequate to enable them to vacate judgments whenever such action is appropriate to accomplish justice." *Klapportt v. United States,* 335 U.S. 601, 614-15 (1949). A motion to vacate is within the sound discretion of the court, which is free to balance the equities without having to make a finding of exceptional circumstance. *See Marseilles Hydro Power LLC v. Marseilles Land & Water Co.,* 481 F.3d 1002, 1003-04 (7th Cir. 2007) ("exceptional circumstances" test does not bind district courts considering Rule 60(b) requests for vacatur of judgment on remand from an appellate court).

When considering whether to vacate a judgment under the circumstances presented in this case, the court should consider the interests of public and of the private litigants. *Orlowski v. Eriksen,* No. 07CV4015, 2010 WL 2401938, at *2 (N.D. Ill. June 10, 2010)(granting a motion to vacate after jury trial and on remand from appeal).

The equities in this case easily balance in favor of vacating the judgment against Pena.

I.      **The Public Interest Balances in Favor of Vacating the Judgment Entered Against Pena**

When evaluating the public interests at stake in vacating a judgment, the court should consider "the precedential and preclusive effects of the judgment at issue as well as the implications of the request for vacatur on judicial resources." *Orlowski,* 2010 WL 01938, at *2. "When the effect on precedent is limited and when the judicial resources are not squandered, however, courts have found that the remedy is appropriate." *Id.*

In *Orlowski,* as in this case, the plaintiff alleged false arrest and excessive force under §1983 and a state law claim of malicious prosecution. The trial lasted five days, after which the jury returned a verdict in favor of Plaintiff on the excessive force claim. *Id.* at *1.  Also similar to this case, the parties both filed post-trial motions, which were denied, and then cross-appeals. *Id.* Also, as in this case, the parties engaged in settlement negotiations pursuant to Rule 33 of the Federal Rules of Appellate Procedure. In the *Orlowski* case*,* unlike here however, the parties settled the case subject to a motion to vacate the judgment. Here, the parties have settled the case and as a condition of the settlement, Plaintiffs have agreed not oppose Pena's motion to vacate the judgment.

The district court in *Orlowski* granted the parties' motion to vacate the judgment. In balancing the public interests, the court found that vacating the judgment would not disturb any published or unpublished decisions or orders of the court. Thus, vacating the judgment would

4

have no effect on the precedential value of any of the court's prior opinions. Vacatur would also not violate the Supreme Court's warning that "[j]udicial precedents are presumptively correct and valuable to the legal community as a whole." The court noted, "Similarly, the fact that Defendant seeks to vacate the jury verdict does not counsel against vacatur as jury verdicts themselves have no precedential value." *Id. at *2.*

Further, the court in *Orlowski* found that vacating the judgment would not affect litigants in other cases because the autonomous facts in the case would not likely give rise to any preclusive effect in other cases. *Id.* Finally, the *Orlowski* court found that judicial resources had not been squandered. The court recounted that the parties reached an amicable resolution, whereby Defendants are subject to monetary responsibility, only after receiving guidance from a five-day trial and subsequent appellate proceedings. *Id.* at *3. Based on these factors the court found that the public interest weighed in favor of granting vacatur. *Id.*

As in *Orlowski*, the public interest balances in favor of vacating the judgment against Pena in this case. Vacating the judgment will not affect any court opinion (published or unpublished), and will not diminish any precedential value of any opinion or orders in this case. Vacating the judgment in this case against Pena does not reduce the value of this case to the legal community as a whole.

Also, there is virtually no chance that the facts in this case have any collateral preclusive effect on other cases. Torres' and Correa's incidents involving Pena was entirely autonomous, and malicious prosecutions cases such as this one are necessarily decided on a case-by-case basis.

Finally, the judicial resources are not squandered by vacating the judgment. Resolution of this matter by settlement and vacatur eliminates the need for the appellate court to consider the

appeal. It also eliminates any risk that a new trial will be granted, which would require additional judicial and jury resources. The jury' time in the five day trial was valuable to the litigants and helped guide final resolution of this case. Without the jury's help, this case would not have been resolved. The jury's time is not squandered by vacating judgments against individuals like Pena. Additionally, a judgment against the City of Chicago is not being vacated, the City has indemnified Pena and paid the compensatory damages award in full, and a record of the jury's verdict will remain. Pena is not seeking vacatur of any published or unpublished decisions or orders of this court.

## II.     The Private Interests Balance in Favor of Vacating the Judgment Entered Against Pena

"The Court must also consider circumstances unique to the litigants." *Id. at *3.* The *Orlowski* court found that the private litigants' interests balanced in favor of vacating the judgment because the Plaintiff was in need of immediate income and the Defendant municipality favored finality. *Id.*

In this case, an element of the settlement was Torres and Correa not opposing this motion to vacate the judgment. Torres' and Correa's private interests weigh in favor of granting this motion. The settlement provides Torres and Correa with substantial funds paid by the City of Chicago. Also, Pena has paid a significant amount based upon his financial condition to settle the punitive damages award. Torres and Correa would not otherwise have received those funds during the significant amount of  time that it takes to adjudicate the appeal. Also, the appeal would require Torres and Correa to incur substantial attorney fees and costs in defending their judgment. The settlement resolves the appeal thereby negating the need not incur any further fees and costs. Pena was requesting that the appellate court order a new trial. The settlement assures that Torres and Correa will receive a substantial sum of the amount awarded to them without

further risks of litigation. Further, the jury verdict and award of compensatory and punitive damages could not be satisfied by Defendant Pena in any reasonable time period without the City of Chicago assuming the compensatory damages portion of the judgment. Torres' and Correa's private interests balance in favor of vacating the judgments.

Defendant Pena's interests also weigh in favor of granting this motion. Vacating this judgment protects his credit history and background. By agreeing that the Plaintiff's would not oppose this motion the parties were able to settle this case. Settlement avoids the substantial expense of the appeal where a beneficial outcome is uncertain. The City of Chicago is not providing legal representation for Pena's appeal and he is personally responsible for the attorney fees and cost associated with his appeal. The settlement has substantially compromised the amounts of the judgment and attorney fees and cost that would have been expended by the parties. Also, the City of Chicago desires finality of this matter so it can properly evaluate budgetary concerns moving forward.

Other district court judges have vacated judgments under circumstances nearly identical to the circumstances in this case. *Morris v. Gordon,* No. 07-cv-3907, Mem. Op. & Order (N.D. Ill. Sept. 21, 2011)(Shadur, J.) (Doc.195). In *Morris,* the plaintiff alleged unreasonable force against a defendant officer and the City of Harvey. The case was tried before a jury, and the jury rendered a verdict in favor of the plaintiff. The Defendants appealed, and a settlement was reached with the help of the Seventh Circuit Settlement Program. Pursuant to settlement the parties agreed to move the district court for vacatur of the judgment. Judge Shadur granted the parties motion for indicative ruling, and indicated that the district court would be prepared to vacate the judgment. *Id.* The court in its Minute Order, requested the Court of Appeals remand the case to the District Court for entry of an order vacating the judgment. *Morris,* No. 07-cv-

3907, Minute Order (N.D. Ill. Sept. 2, 2011)(Doc.195). Thereafter, the Seventh Circuit remanded the case. *Morris,* No. 11-2724, Order (7th Cir. Oct. 11, 2011)(Doc.200). Upon remand, the Defendants filed a motion to vacate judgment and dismiss the case, which the district court granted. *Morris* No. 07CV3907, Minute Order (N.D. Ill. Oct. 31, 2011)(Doc.198). The circumstances and interests at stake in the *Morris* case are nearly identical to the circumstances and interests at stake in this case.

Just as in *Orlowski* and *Morris,* private and public interests at stake weigh heavily in favor of vacating the judgment against Pena. *See also Mayes v. City of Hammond,* 631 F. Supp. 2d 1082, 1098 (N.D. Ind. 2008)(vacating a judgment following a jury verdict, appeal, and post-judgment settlement). This court should issue an indicative ruling pursuant to Rule 62.1(a)(3) stating that it would grant the motion to vacate the judgment against Pena if the court of appeals remands for that purpose.

## CONCLUSION

The public and private interests at stake in this case weigh heavily in favor of vacating the judgment against Pena. This court should grant Defendant Pena's unopposed motion for indicative ruling that the district court would vacate the judgment against Pena if the appellate court remands the case.

WHEREFORE, Defendant Henry Pena, respectfully requests that this court issue an indicative ruling in accordance with Fed. R. Civ. P. 62.1(a)(3) by advising the court of appeals that it would vacate the jury verdict and judgment against him.

Dated: November 1, 2017

Respectfully Submitted,

By: /s/: *Anthony L. Schumann*
ANTHONY L. SCHUMANN

Anthony L. Schumann (6189233)
Quintairos, Prieto, Wood & Boyer, P.A.
Willis Tower, 70th Floor
233 South Wacker Drive
Chicago, IL 60606
(312) 566-0040